Wendi Opper Uzar
RIKER DANZIG LLP
1 Speedwell Avenue
Morristown, NJ 07960-6838
Tel: 973-451-8647
Fax: 973- 451-8557
Email: wuzar@riker.com

*Attorneys for Plaintiff Charging*
*Ahead Consulting Services, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHARGING AHEAD CONSULTING SERVICES, LLC,<br><br>                  Plaintiff,<br><br>vs.<br><br>OTHMANE CHKAINEF and TESLA OTHER STUFF, LTD.<br><br>                  Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>(Filed Electronically) |

**COMPLAINT**

Plaintiff Charging Ahead Consulting Services, LLC ("Plaintiff" or "Charging Ahead"), for its Complaint against Defendants, Othmane Chkainef ("Chkainef") and Tesla Other Stuff, Ltd ("TOS", collectively Chkainef and TOS are hereinafter referred to as "Defendants"), states and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 501 *et seq*.

2. Charging Ahead asks this Court to enjoin the infringement caused by Defendants' wrongful activities and to compensate Charging Ahead for the damages that Defendants have caused by their repeated, persistent, and intentional infringement of Charging Ahead's copyright rights.

## THE PARTIES

3. Charging Ahead is a New Jersey Limited Liability Corporation with a principal place of business at 34 E. Fox Chase Road, Chester, NJ 07930.

4. Upon information and belief, Chkainef is an individual domiciled in Souk El Arbaa in the Kenitra Province of Morocco and reachable via electronic mail at othmanechka515@gmail.com.

5. Upon information and belief, TOS is a Limited Corporation organized under the laws of the United Kingdom with a principal place of business at 27 Old Gloucester St., London, English WC1N3AX. Upon information and belief, Chkainef is the sole member of TOS.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331, 1332 and 1338.

7. This Court has personal jurisdiction over Defendants because Defendants' wrongful conduct which gives rise to this action, occurred in or was directed to this District.

8. On information and belief, Defendants transacts or is doing business in this District, including directing its online activities into this District, therefore deriving revenue from intrastate and interstate commerce effecting this District. By these actions and transactions, Defendants may be found in this district.

9. Moreover, by and through Defendants conduct in filing a counter-notice with YouTube, Defendants have consented to jurisdiction in the United States where YouTube is located.

10. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(2)-(3), because the acts alleged in this Complaint caused and continue to cause damage in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

11. Plaintiff Charging Ahead is an electric vehicle consulting service providing guidance on all aspects of electronic mobility.

12. As part of that service, Plaintiff, by and through its principal Thomas Moloughney, runs a YouTube channel titled "State of Charge with Tom Moloughney."

13. On March 13, 2024, Plaintiff published an original, copyrightable work on its YouTube channel entitled "Ford CEO Jim Farley Discusses The Company's Switch To The NACS (J3400) Connector For EV Charging" wherein Mr. Moloughney interviewed the Chief Executive Officer of Ford, Jim Farley, regarding Ford's adoption of the North American Charging Standard ("NACS") for its electric vehicles, available at https://youtu.be/7vE0KXHZXCY?si=WkYs3vRKdYkI_bwi (hereinafter the "Video").

14. Plaintiff is the owner of the Video and of United States Copyright Registration Number PA0002466846 for the Video (hereinafter "the '846 Copyright Registration"). A true copy of the Copyright Registration as listed by the United Sates Copyright Office Public Catalog is attached as Exhibit A.

15. Defendants had access to the Video through YouTube which was made publicly available as of March 13, 2024.

16. On or around April 13, 2024, Plaintiff became aware that Defendants, without permission or authorization, uploaded Plaintiff's Video to its own YouTube page, "Tesla Other Stuff", available at https://www.youtube.com/@teslaotherstuff.

17. Defendants retitled the video, "[Ford CEO Admits How Tesla Will Bankrupt Them (whole world left in shock)]," (hereinafter the "Infringing Video").

18. The title misrepresents the content of the Video in order to attract additional traffic to Defendants' page and away from Plaintiff's page. Further, Defendants' description of the Video included vulgar language, which Plaintiff consciously and intentionally avoids in his content.

19. The Infringing Video was originally available at the following URL: http://www.youtube.com/watch?v=v9XcWqkSr74.[1]

20. On or about April 14, 2024, Plaintiff submitted a copyright removal request to YouTube, explaining that Defendants' had re-posted one of its videos and was claiming it as their own.

21. On or about April 15, 2024, YouTube issued a strike against the "Tesla Other Stuff" YouTube account and made the Infringing Video unavailable.

22. On or about April 16, 2024, Defendants, by and through Chkainef, corresponded with Mr. Moloughney and acknowledged that they had infringed upon Plaintiff's exclusive rights, requested that Mr. Moloughney remove the YouTube strike made against the "Tesla Other Stuff" YouTube page.

---

[1] On April 14, 2024, Plaintiff filed a copyright take down with YouTube, who removed the Infringing Video temporarily pending the institution of this matter. This link will be inactive at the time of filing.

23. Plaintiff stated that it would not remove the strike without an agreement as to certain terms, including non-publication of the Video, the Infringing Video and all of Plaintiff's content moving forward. The parties did not reach an agreement.

24. Thereafter, on or about April 17, 2024, Defendants, by and through Chkainef, misrepresented to YouTube that Plaintiff had given them permission to use the Video.

25. Defendant did not grant permission to Defendants to use or publish the Video or the Infringing Video.

26. Defendants have infringed and are infringing the Video and its copyright by unlawfully reproducing the Video and making it publicly available, in violation of the United States Copyright Act.

27. Defendants copied the Video in its entirety.

28. Defendants' reproduction of the Video and their wrongful conduct has deprived Plaintiff of the exclusive use of its copyright, resulting in injury to Plaintiff.

29. Defendants' infringement was willful and deliberate, undertaken in bad faith, and undertaken with the full knowledge of Plaintiff's exclusive rights and conscious disregard of those exclusive rights to the Video.

30. Plaintiff's reputation was damaged as its audience believed that the Infringing Video had been posted by it, and the Defendants' YouTube page is associated with advertisements for lower quality vehicles.

31. Plaintiff's reputation was damaged, as its audience believed that the Infringing Video had been posted by it, and Defendants misquoted the interview and used vulgar language to describe the Infringing Video that was not present in the Video.

32. Defendant's deliberate infringement of Plaintiff's copyright has greatly and irreparably damaged Plaintiff, and Defendant will continue to damage Plaintiff greatly and irreparably unless enjoined by this Court. In the absence of injunctive relief, Plaintiff will have no adequate remedy at law. Accordingly, Plaintiff is entitled to a temporary and permanent injunction in accordance with 17 U.S.C. § 502.

## COUNT I: Copyright Infringement – 17 U.S.C. § 501

33. Plaintiff repeats and re-alleges the allegations contained in the above paragraphs as if fully set forth herein.

34. Plaintiff owns all right, title, and interest in and to the Video.

35. Plaintiff owns all right, title, and interest in and to U.S. Copyright Registration Number PA0002466846 which covers the Video.

36. Plaintiff has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and all other laws governing copyright to secure the exclusive rights and privileges in and to the '846 Copyright Registration.

37. Defendants posted the Video directly to their YouTube account.

38. Defendants held the Infringing Video out as their own original creation.

39. Defendants' Infringing Video is identical to the Video protected by the '846 Copyright Registration.

40. Defendants have infringed the '846 Copyright Registration by posting the Video on its YouTube channel.

41. Defendants had access and actual notice of the Video as it had been published on YouTube on March 13, 2024, before it posted the Video.

42. Defendants are competitors of Plaintiff and are aware of Plaintiff's YouTube channel.

43. Defendants' publication of the Infringing Video resulted in damage to Plaintiff, including but limited to lost views, lost profits, and loss of good will.

44. Defendants profited from and received a direct financial interest from the infringement by, at least, obtaining over 17,000 views of the Infringing Video.

45. Defendants' infringing conduct was willful.

46. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to an order enjoining Defendants from unauthorized use of the '846 Copyright Registration.

47. Pursuant to 17 U.S.C. § 504, Plaintiff is also entitled to recover actual damages and any profits of Defendants, or an award of statutory damages up to $150,000 per registered work, if elected.

48. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

For the reasons set forth above, Plaintiff respectfully requests the following relief:

A. Judgment that Defendant has infringed the '846 Copyright Registration;

B. Preliminary and permanent injunctions enjoining Defendants, and their employees, officers, directors, agents, servants and all others in privity or concert with them, from directly or indirectly infringing the '846 Copyright Registration, all of Plaintiff's copyrights and other online content.

C. An Order requiring Defendants to provide an accounting for all of Defendants' profits arising from or attributable to its publication and copying of the Video;

D. A finding that that Defendants infringement was committed willfully;

E. Judgment awarding Plaintiff its actual damages and all additional profits of the Defendants or statutory damages, if elected by Plaintiff, in the amount of $150,000 in accordance with 17 U.S.C. 504;

F. Judgment awarding Plaintiff its costs and expenses incurred in this action;

G. Judgment awarding Plaintiff its reasonable attorney's fees as part of the costs pursuant to 17 U.S.C. 505; and

H. Such further and other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues in this action so triable.

Dated:  April 26, 2024                    Respectfully submitted,

By:   */s/ Wendi Opper Uzar*

Wendi Opper Uzar
RIKER DANZIG LLP
One Speedwell Avenue
Morristown, NJ 07962-1981
wuzar@riker.com
*Attorneys for Plaintiff Charging Ahead Consulting Services LLC*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to L. Civ. R. 11.2, the undersigned attorneys for Plaintiff certify that, to the best of its knowledge, the matters in controversy in this federal action are not the subject of any other action pending in any court or of any arbitration or administrative proceeding.

## **CERTIFICATION OF NON-ARBITRABILITY**

Pursuant to Local Civil Rule 201.1(d)(2), the undersigned attorneys for Plaintiff certify that this action is not eligible for arbitration under Local Civil Rule 201.1 because the relief sought in the Complaint primarily consists of a demand for preliminary and permanent injunctive relief and involves substantial issues of federal trademark law, among others.

RIKER DANZIG LLP

Attorneys for Plaintiff Charging Ahead Consulting LLC

By: */s/ Wendi Opper Uzar*

Wendi Opper Uzar

Dated: April 26, 2024

4891-3520-5304, v. 3

9